IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROOSEVELT WILLIAMS, | ) | CASE NO. 1:10-CV-00615 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANTS DETECTIVE** |
| LEE LUCAS, *et al.*, | ) | **JAMAAL ANSARI, CAPT. BRIAN** |
| | ) | **HEFERN, CHIEF MICHAEL** |
| Defendants. | ) | **MCGRATH, AND CITY OF** |
| | ) | **CLEVELAND'S MOTION TO** |
| | ) | **DISMISS** |

Defendants Detective Jamaal Ansari ("Ansari"), Captain Brian Hefern [sic] ("Hefern"), Chief Michael McGrath ("McGrath"), and the City of Cleveland ("City") (collectively referred to as "Defendants") move to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6). Plaintiff's complaint fails to satisfy the pleading requirements of Civil Rule 8 as those requirements have been interpreted by the U.S. Supreme Court.[1] Plaintiff's reliance on conclusory allegations and assertions made against all Defendants collectively fail to demonstrate a plausible right of recovery against Defendants. The grounds for this motion to dismiss are more fully set forth in the attached Memorandum in Support.

                                                  Respectfully submitted,

                                                  ROBERT TRIOZZI (0016532)
                                                  Director of Law

By:    s/ Jennifer Meyer_____
           JENNIFER MEYER (0077853)

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937 (2009).

        Assistant Director of Law
        JOSEPH F. SCOTT (0029780)
        Chief Assistant Director of Law
        Room 106 - City Hall
        601 Lakeside Avenue
        Cleveland, Ohio 44114
        216-664-2800
        216-664-2663 (fax)
        jmeyer@city.cleveland.oh.us
        jscott@city.cleveland.oh.us
        ATTORNEYS FOR DEFENDANTS
        ANSARI, HEFERN, MCGRATH, AND
        CITY OF CLEVELAND

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROOSEVELT WILLIAMS, ) | CASE NO. 1:10-CV-00615 |
| ) | |
| Plaintiff, ) | JUDGE SOLOMON OLIVER |
| ) | |
| v. ) | |
| ) | **DEFENDANTS DETECTIVE** |
| LEE LUCAS, *et al*., ) | **JAMAAL ANSARI, CAPT. BRIAN** |
| ) | **HEFERN, CHIEF MCGRATH, AND** |
| Defendants. ) | **CITY OF CLEVELAND'S** |
| ) | **MEMORANDUM IN SUPPORT OF** |
| | **MOTION TO DISMISS** |

Defendants submit this Memorandum in Support of their Motion to Dismiss.

**I.     Statement of Facts**

Plaintiff alleges that he was arrested and indicted for knowingly and intentionally distributing fifty grams or more of crack cocaine on October 5, 2005.[2] Plaintiff spent 9 months in jail pending resolution of the matter which included two more drug sales of 5 grams or more of crack cocaine, one within 1,000 feet of a school.[3] Plaintiff pled guilty to one charge of selling 5 grams or more of crack cocaine; in exchange, the prosecution dismissed 3 other charges of selling crack cocaine.[4] Plaintiff served 20 months of his 71 month sentence.[5]

---

[2] ECF 1, Compl. ¶ 47.

[3] *Id*. at ¶ 48.

[4] *Id*. at ¶ 49.

3

Confidential informant, Jerrell Bray, pled guilty to depriving Plaintiff of his constitutional rights regarding the misidentification of Plaintiff at the October 5, 2005 drug buy.[6] On March 27, 2008, the trial court issued an order vacating Plaintiff's plea and sentence.[7] Plaintiff filed his complaint on March 24, 2010.[8] The alleged violations are *Bivens* causes of action against federal actors, 42 U.S.C. § 1983, Conspiracy under *Bivens* and 42 U.S.C. § 1985, Abuse of Process, Malicious Prosecution, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, failure to train, failure to supervise, failure to investigate, failure to discipline, and the City is liable under a theory of respondeat superior.[9]

Plaintiff's complaint is devoid of any actual operative facts regarding these Defendants. All of the assertions are little more than conclusory statements that are not to be taken as true for the purposes of ruling on this Motion to Dismiss.

## II. Law & Argument

### A. Standard of Review

The United States Supreme Court has clarified the standard that a trial court applies when evaluating a complaint under a Rule 12(b)(6) motion to dismiss. In *Bell Atlantic Corporation v. Twombly*, the Supreme Court rejected the *Conley v. Gibson*

---

[5] *Id*. at ¶ 51.

[6] *Id*. at ¶ 53.

[7] *Id*. at ¶ 55.

[8] *Id*.

[9] *Id*. at ¶¶59-89, 6(f).

4

standard that requires there to be "no set of facts" that would entitle the plaintiff to relief.[10] Instead, the Supreme Court held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do….Factual allegations must be enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)…."[11] Plaintiff fails to do so and Defendants are entitled to dismissal of Plaintiff's Complaint.

Plaintiff William's complaint fails to show an entitlement to relief against these Defendants. The complaint is in fact devoid of any specific operative facts as to these Defendants that demonstrate any plausible right of recovery.

Most recently, in *Ashcroft v. Iqbal*, the U.S. Supreme Court revisited and reaffirmed its pronouncements in *Twombly*.[12] The *Iqbal* Court noted that while the pleading standard in Civil Rule 8 does not require detailed factual allegations, it does demand more than the unadorned, 'the defendant unlawfully harmed me' accusation. A pleading that offers "labels and conclusions" or a "formulaic recitation of elements of a cause of action will not do."[13] Rather, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is

---

[10] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69 (2007).

[11] *Id.* at 1964-65 (internal citations omitted).

[12] --- U.S. ---, 129 S. Ct. 1937, 1948-50 (2009).

[13] *Id.* at 1949, citing *Twombly*, 550 U.S. at 555.

plausible on its face."[14] Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."[15] Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown "that the pleader's entitled to relief."[16]

### B. Plaintiff fails to make Factual Allegations beyond the Speculative Level against These Defendants and therefore, Defendants are entitled to a Dismissal.

Plaintiff's complaint does not allege any facts as to any specific acts of Defendants Ansari, Hefern, McGrath, and the City as to this Plaintiff. The Sixth Circuit has held, "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings."[17] Here, Plaintiff does not include even one factual allegation as to the conduct of any of these Defendants.

The only factual statements that Plaintiff makes throughout his Complaint involve other Defendants such as Lucas, Metcalf, Mayer, and Cross.[18] Plaintiff called these

---

[14] *Twombly*, 550 U.S. at 570.

[15] *Id*. at 557.

[16] Civil Rule 8(a)(2).

[17] *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) citing *Place v. Shepherd*, 446 F.2d 1239 (6th Cir. 1971).

[18] ECF 1, Compl. at ¶12-13.

individuals the "Controlling Officers" and "Controlling Investigators."[19] No specific allegations are given in the complaint regarding the actions of Ansari, Hefern, McGrath, and the City of Cleveland. In fact, the complaint does not allege that these Defendants were part of the DEA investigation that is referred to in the complaint.

Thereafter, the only references to these Defendants are in the collective with all other Defendants and in the context of some conclusory allegations.[20] It is well established that such conclusory allegations are not accepted as true when ruling on a motion to dismiss. Therefore, Defendants are entitled to a dismissal of Plaintiff's complaint.

### C. Ansari, Hefern, and McGrath are entitled to a Dismissal on Plaintiff's Federal Claims Brought in their Personal Capacities.

While Plaintiff asserts that all individually-named Defendants in their personal capacities are liable for alleged unconstitutional conduct, Plaintiff does not assert which actors deprived him of his constitutional rights. There are no allegations regarding any action or contact Ansari had with this Plaintiff. Further, Hefern and McGrath are also sued in their personal capacities and again there is no mention of any action or contact by these Defendants as well.

---

[19] *Id*.

[20] For example see Compl. at ¶ 20, "Defendant law enforcement agents and offices, acting individually and in concert, made false statements in police reports and in affidavits in support of search warrants to provide corroboration for their tampered evidence." Obviously, those who are not members of the DEA taskforce, Hefern, McGrath, and the City cannot be included in such a conclusory allegation.

An officer's participation in a constitutional violation must extend beyond mere "presence" before he can be liable under § 1983.[21] Plaintiff makes no allegations against Ansari, Hefern, and McGrath which would show they are personally liable to Plaintiff. The complaint fails to meet the pleading requirements of Civil Rule 8 as explained in *Twombly* and *Iqbal*. Ansari, Hefern, and McGrath are entitled to judgment as a matter of law in their personal capacity.

**D. Hefern, McGrath, and the City of Cleveland cannot be held liable for Supervisory Misconduct when the Underlying Allegation of Constitutional Misconduct is Unsupported.**

Plaintiff's claims against Hefern, McGrath, and the City of Cleveland are premised on the allegation that Ansari wrongfully violated Plaintiff's constitutional rights. Put another way, Plaintiff claims Hefern, McGrath, and the City of Cleveland failed to supervise, investigate, and discipline Ansari.[22] First, the Mansfield investigation was a Federal DEA taskforce operation, not a City of Cleveland operation. Second, all allegations in Plaintiff's complaint are conclusory in nature and stem from the untruth that Ansari was involved in setting up the drug transactions.

Even were it determined that Defendant Ansari's conduct was unconstitutional (which Defendants deny), and Hefern and McGrath were aware of his unconstitutional conduct, mere knowledge of an employee's misconduct does not lead to supervisor

---

[21] *Aquisto v. Danbert*, 165 F.3d 26, No. 97-1668, 1998 WL 661145, *3 (6th Cir. Sept. 1, 1998) ("As a general rule, mere presence at the scene of the search, without a showing of direct responsibility for the action, will not subject an officer to liability." […] "To establish a *prima facie* case against Danbert, the plaintiff had to show a personal involvement on his part going beyond 'mere presence' or 'mere backup.'")

[22] ECF 1 Compl. at ¶ 6(f).

8

liability.[23] An officer's participation in a constitutional violation must extend beyond mere "presence" before he can be liable under § 1983.[24] As the only allegations of wrongdoing against Hefern, McGrath, and the City of Cleveland are supervisory in nature, Defendants are entitled to summary judgment as a matter of law.

### i. To the Extent Plaintiff brings a 42 U.S.C. § 1983 claim against the City, He can Present No evidence that Cleveland's Rules and Regulations Fail to Meet Constitutional Standards.

Plaintiff cannot provide anything other than baseless allegations to support his failure-to-train claim under 42 U.S.C. § 1983. Plaintiff alleges that the City officially acquiescence to Ansari, Hefern, and McGrath's misconduct by failing to train, has a custom or policy of permitting tampering of evidence, falsifying reports, concealing evidence, failing to investigate and disciple officers of wrongdoing, and other allegations.[25] Plaintiff bears the burden of providing more than simply reciting a laundry list of causes of action. He must prove that the City of Cleveland "itself" caused the constitutional violation. A municipality cannot be held liable for the unconstitutional actions of its employees under a theory of *respondeat superior*.[26] Instead, a plaintiff

---

[23] *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003), citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)

[24] *Aquisto v. Danbert*, 165 F.3d 26, No. 97-1668, 1998 WL 661145, *3 (6th Cir. Sept. 1, 1998) ("As a general rule, mere presence at the scene of the search, without a showing of direct responsibility for the action, will not subject an officer to liability." […] "To establish a *prima facie* case against Danbert, the plaintiff had to show a personal involvement on his part going beyond 'mere presence' or 'mere backup.'").

[25] ECF 1, Compl. at ¶ 6(f).

[26] *City of Canton v. Harris*, 489 U.S. 378, 385 (1989), citing *Monell v. Department of Soc. Servs. of City of New York* 436 U.S. 658 (1978).

9

seeking to establish municipal liability under §1983 must "identify conduct properly attributable to the municipality itself."[27]

Second, Plaintiff "must show that the municipal action was taken with the requisite degree of culpability."[28] "A showing of deliberate indifference requires a showing of something more culpable … than a negligent failure to recognize [a] high risk of harm."[29]

Finally, Plaintiff "must demonstrate a direct causal link between the municipal action and the deprivation of constitutional rights."[30] Plaintiff must demonstrate that, through the City's deliberate conduct, the unconstitutional conduct of the City itself was the moving force behind the injury alleged.[31] Plaintiff fails to meet any of these requirements. This case is regarding a Federal DEA Taskforce and Plaintiff makes no connection to the City of Cleveland other than that Ansari is an officer for the City of Cleveland. Plaintiff further makes mere allegations of *respondeat superior* in his

---

[27] *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003), quoting *Board of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997).

[28] *Id*.

[29] *Sargi v. Kent City Bd. of Educ.*, 70 F.3d 907, 912 (6th Cir. 1995), quoting *Black v.Indiana Area Sch. Dist.*, 985 F.2d 707, 712-12 (3d Cir. 1993) (internal citations omitted). See also, *Lewis v. City of Irvine, Kentucky*, 899 F.2d 451, 455 (6th Cir. 1990) (It does not suffice "to prove that an injury or accident could have been avoided if [the employee] had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct.").

[30] *Cherrington*, 344 F.3d at 645, quoting *Board of Cty. Comm'rs of Bryan Cty.*, 520 U.S. at 404.

[31] *Id.*

Complaint which is insufficient and the City of Cleveland should be granted summary judgment.

### E. Cleveland is entitled to Dismissal of Complaint for Failure to Train Allegations.

#### i. Cleveland is entitled to Statutory Immunity.

The City of Cleveland, like all Ohio political subdivisions, is generally immune from claims brought concerning its performance of a government function.[32] Revised Code § 2744.01 recognizes "[t]he provision or nonprovision of police . . . services or protection," as a governmental function for which a municipality is entitled to immunity.[33] There is no question that training of police officers falls within the definition of this governmental function.[34]

Furthermore, a political subdivision can be liable in tort only in a limited number of circumstances where an exception to this general immunity applies. The limited exceptions to a municipality's immunity explicitly enumerated in R.C. § 2744.02(B) are as follows: (1) negligent operation of motor vehicles by municipal employees; (2) negligent acts with respect to proprietary functions; (3) failure to keep public roads free from nuisance; (4) negligence of municipal employees within or on grounds of public buildings; and (5) when liability is expressly imposed upon a municipality by the Revised

---

[32] R.C. § 2744.02 (A)(1).

[33] R.C. § 2744.01.

[34] *McCloud v. Nimmer*, 72 Ohio App. 3d 533, 536-38 (Ohio App. 8th Dist. 1991).

11

Code.[35] Plaintiff has alleged no facts to support the application of any of these five exceptions, and none apply.

Because none of the exceptions enumerated in R.C. § 2744.02 apply, Cleveland is entitled to statutory immunity. Accordingly, Cleveland is entitled to judgment as a matter of law on Plaintiff's failure-to-train claim.

### F. Plaintiff Cannot Maintain a Cause of Action for Conspiracy.

Plaintiff merely sets out a barebones allegation of conspiracy against Defendants Ansari and Hefern against Plaintiff in his Complaint.[36] However, that is insufficient. As previously mentioned, in *Bell Atlantic Corporation v. Twombly*,[37] the Supreme Court held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do….Factual allegations must be enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)…."[38] Here Plaintiff merely added the magic words of conspiracy, but no operative facts to support a cause of action against these Defendants.

### G. Plaintiff cannot maintain a Cause of Action for Malicious Prosecution and Abuse of Process.

---

[35] R.C. § 2744.02.

[36] Compl. at ¶ 67.

[37] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69 (2007).

[38] *Id.* at 1964-65 (internal citations omitted).

Under the *Iqbal* and *Twombley* requirements, Plaintiff merely recited the magic words of these two causes of action without any supporting operative facts. Plaintiff fails to allege any facts that would support an abuse of process claim, i.e. the criminal proceedings were perverted to accomplish an ulterior motive. Ironically, Plaintiff argues in his abuse of process claim that the criminal proceedings were instituted "in proper form and with probably cause."[39] Then in the very next section, Plaintiff claims "Defendants maliciously and without probable cause instituted the criminal proceedings against Plaintiff."[40]

Further, an abuse-of-process claim will not survive a motion to dismiss when it is supported only by "conclusory allegations regarding the defendants' ulterior motives with no facts to support those contentions."[41] The Sixth Circuit has also noted that "there is no liability [for abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions."[42]

Clearly, Plaintiff cannot have it both ways. Either there was probable cause or there was not probable cause. Regardless, there are no operative facts in the complaint to tie any of these Defendants to the malicious prosecution and abuse of process claims.

---

[39] ECF 1, Compl. at ¶ 72.

[40] Id. at ¶ 75.

[41] Gra*ham v. Best Buy Stores, L.P.*, 298 Fed.Appx. 487, 497 (6th Cir.2008) (citing *Hahn v. Star Bank*, 190 F.3d 708, 718 (6th Cir.1999)).

[42] *Id.* (citing *Hahn,* 190 F.3d at 718) (internal quotation marks omitted)

13

**H. Plaintiff's Federal Claims are barred by the Statute of Limitations.**

Even if Plaintiff overcomes the fact that his complaint does not comply with *Twombly* and *Iqbal*, Plaintiff's claims are barred by the applicable statute of limitations.

Plaintiff does not have a cause of action for any unlawful arrest and incarceration because those claims are time barred. Under the Federal Tort Claims Act, 28 U.S.C. 2401(b), "[a] tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues…"[43] Plaintiff was arrested in November, 2005 for the October 5, 2005 crack cocaine drug buy. Plaintiff had until 2007 to bring his claims for unlawful arrest and incarceration under the Federal Tort Claims Act. Because Plaintiff did not file his complaint until March 24, 2010, Plaintiff is time barred from asserting these claims.

**I. Plaintiff's State Tort Claims are barred by Ohio's One Year Statute of Limitations.**

Plaintiff's state law tort claims cannot stand because they are barred by the statute of limitations.

**i. Malicious Prosecution is barred by Statute of Limitations.**

The statute of limitations for "malicious prosecution…shall be commenced within one year after the cause of action accrued."[44] The malicious prosecution cause of action accrues at the termination of the prosecution in favor of the accused.[45]

---

[43] 28 U.S.C. 2401(b).

[44] O.R.C. § 2305.11(A).

14

Here, the cause of action began to accrue when the trial court vacated Plaintiff's plea on March 27, 2008. Plaintiff filed this lawsuit against Defendants on March 24, 2010; after the statute of limitations had run. The exhaustion of the statute of limitation period bars the Plaintiff from bringing this claim. The state malicious prosecution claims are barred by the statue of limitations and should be dismissed.

### ii. Plaintiff's False Arrest/False Imprisonment Claim is barred by the Statute of Limitations.

The statute of limitations for false arrest/false imprisonment is one year.[46] Again, Plaintiff was arrested, sentenced, and incarcerated in 2005.[47] Thus, the one-year statute of limitations ran well before Plaintiff filed this case on March 24, 2010.

### iii. Plaintiff's Claim for Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress is barred by a One Year Statute of Limitations.

The statute of limitations for intentional infliction of emotional distress and negligent infliction of emotional distress varies in Ohio dependant on the underlying claims in the complaint. Typically, the statute of limitations for a claim of intentional infliction of emotional distress is four years.[48] "However, when the acts underlying the

---

[45] *Froehlich v. Ohio Dept. of Mental Health* (2007), 114 Ohio St.3d 286, 289.

[46] R.C. § 2305.11(A).

[47] ECF 1.

[48] *Crist v. Pugin*, 2008 WL 2571229 *1-2 (N.D. Ohio) citing *Stafford v. Clever Investigations Corp.*, 2007 WL 2800333 *2 (10 Dist. Ct. of App.)

claim would support another tort, the statute of limitations for that other tort governs the claim for intentional infliction of emotional distress."[49] The *Crist* court determined that a one year statute of limitations applied to plaintiff's claim of intentional infliction of emotional distress because it was based on false arrest/false imprisonment.[50]

Here, Plaintiff claims that he suffered intentional infliction of emotional distress that was caused by Plaintiff being prosecuted for crimes he did not commit, in other words, due to the malicious prosecution.[51] As stated above, the statute of limitations for malicious prosecution is one year.[52] By filing his complaint on March 24, 2010, Plaintiff is well outside the one year statute of limitations.

### III.  Conclusion

For the aforementioned reasons, Defendants respectfully request that this Honorable Court dismiss Plaintiff's claims against them.

Respectfully submitted,

ROBERT TRIOZZI (0016532)
Director of Law

By:  s/ Jennifer Meyer
JENNIFER MEYER (0077853)
Assistant Director of Law
JOSEPH F. SCOTT (0029780)
Chief Assistant Director of Law

---

[49] *Id* at *3 citing *Stafford v. Clever*, 2007 WL 2800333 *2.

[50] *Id*.

[51] ECF 1.

[52] O.R.C. § 2305.11(A).

        Room 106 - City Hall
        601 Lakeside Avenue
        Cleveland, Ohio 44114
        216-664-2800
        216-664-2663 (fax)
        jmeyer@city.cleveland.oh.us
        jscott@city.cleveland.oh.us
        ATTORNEYS FOR DEFENDANTS
        ANSARI, HEFERN, MCGRATH, AND
        CITY OF CLEVELAND

## CERTIFICATE OF SERVICE

I certify that on May 28, 2010, a copy of the above Motion to Dismiss was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

         s/ Jennifer Meyer
        JENNIFER MEYER
        Attorney for Defendants Ansari, Hefern,
        McGrath, and the City of Cleveland