UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
Eastern Division

| | |
|---|---|
| ROOSEVELT WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 1:10-cv-615 |
| | ) |
| v. | ) JUDGE SOLOMON OLIVER, JR. |
| | ) |
| LEE LUCAS, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION (DOC. 42)**

**Introduction:**

Defendants, Richland County, Steve Sheldon, Larry Faith, and Matt Mayer have filed a "Memorandum Opposing" Plaintiff's Motion for Leave to File a First Amended Complaint. (Docs. 41, 42). Defendants claim first, that the new and longer complaint violates Rule 8; second, that amending while summary judgment motions are pending is prejudicial; and third, that Plaintiff's original complaint cannot be amended because it was not deficient in the first place. (Doc. 41 at 2-3).

**Rule 8:**

Defendants claim that because Plaintiff's First Amended Complaint is longer and contains legal citations, it violates Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff searched diligently and could not find a single case or law that says that one cannot include legal citations in one's complaint. Plaintiff also could not find a single case where a complaint was dismissed merely because of an overabundance of relevant legal authority. The total lack of legal citation in this portion of Defendants memorandum suggests they had similar findings.

1

Moreover, the requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" impliedly asks for legal citations and detail. Suppose someone files a complaint alleging that he has fenced-off part of your yard for many years and it now belongs to him. Without a citation to legal authority showing a right to adverse possession in the jurisdiction and without more specific facts (like how many years the fence has existed) the average reader might not think that the complaint had showed that the pleader was "entitled to relief." Without such citation and detail, the reader might just think the pleader was a thief.

Thus, the First Amended Complaint shows that Plaintiff is entitled to relief more effectively than the original and therefore, in fact, better complies with Rule 8.

**Amendment While Summary Judgment Motions are Pending:**

Defendants argue that an amendment while summary judgment motions are pending is prejudicial. In support of their argument they cite Szoke v. UPS of Am., Inc., for the proposition that "a defendant suffers substantial prejudice when a plaintiff waits until after the filing of a summary judgment motion to file a motion to amend." No. 09-3513, 2010 U.S. App. LEXIS 20763, *21 (6th Cir. Oct. 7, 2010). Taken out of context, the quote from Szoke seems to support Defendants' argument. However, in Szoke, the party seeking to amend wished to add a new party. Notwithstanding the fact that they were told nineteen times that they had sued the wrong party, they still waited to attempt to amend for three years. They waited, without cause, until after partial summary judgment was granted and until after other summary judgment motions were pending. Szoke, 2010 U.S. App. LEXIS 20763 at *18-19, 21. In short, while prejudice *can* result when a plaintiff unjustifiably waits until summary judgment motions are pending, and then seeks to amend in order to disrupt the process and avoid summary judgment, that is not what has

happened here. Here, Plaintiff moved to amend on the same day (April 28, 2011) the Protective Order issued. (Doc. 40). Or in other words, Plaintiff moved to amend, based on new information, the moment that information became available for use in this case.

As Plaintiff showed in his Motion for Leave (Doc. 41), Federal Rule of Civil Procedure 15(a)(2) provides that "the court should freely give leave [to amend] when justice so requires."

> The United States Court of Appeals for the Sixth Circuit has spoken extensively on the standard for granting leave to amend under Rule 15(a), relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires." In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted. In Zenith Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Gregg v. Ohio Dep't of Youth Servs., 661 F. Supp. 2d 842, 849 (S.D. Ohio 2009) (parallel citations omitted). In this case, there was no delay, undue or otherwise, no bad faith, and no dilatory motive. Moreover, although Defendants assert that it is prejudicial to amend while summary judgment motions are pending, the cases that superficially stand for that proposition all involved parties who were willfully dilatory and sought to disrupt proceedings. For example, in addition to Szoke, Defendants cite Owens Corning v. National Union Fire Insurance Co., 257 F.3d 484 (6th Cir. 2001) [Owens Corning II]. In Owens Corning II, National Union Fire Insurance sought to amend its answer and counterclaim in a way that would have relitigated an issue already settled in a prior decision. 257 F.3d at 497 (citing Owens Corning v. Nat'l Union Fire Ins. Co., No. 97-3367, 1998 U.S. App. LEXIS 26233 (6th Cir., Oct. 13, 1998) [Owens Corning I]. In this case, there is no intent to disrupt proceedings and in fact, Plaintiff does not foresee that the First Amended Complaint will have any bearing on the summary judgment

motions for two reasons: First, the First Amended Complaint removes, rather than adds, parties and causes of actions. Second, though the First Amended Complaint concededly adds more specific factual allegations, motions for summary judgment are decided on the factual summary judgment record rather than on the strength of the allegations in the complaint.

Given Defendants assertions, Plaintiff cannot imagine how he could move to amend in a way that would please Defendants. Plaintiff could not have amended prior to the Protective Order because Plaintiff was not yet allowed to use the information covered thereby. And if Plaintiff were to seek to amend later, for example after the summary judgment motions were fully briefed, Defendants would undoubtedly insist that Plaintiff's unjustifiable delay after the filing of the Protective Order precludes amendment. In some sense, everything Plaintiff does to strengthen his case to the detriment of Defendants is prejudicial. However, the type of prejudice that ought to concern the Court is *unfair* prejudice. In this case, given that trial is still distant, Defendants have plenty of time to adjust their strategy to account for the First Amended Complaint. Moreover, if the Court wishes to decide the motions for summary judgment prior to deciding whether leave to amend will be granted, Plaintiff has no objection.

**Deficiency:**

The most puzzling of Defendants' arguments is that Plaintiff has to identify a deficiency in his complaint before being allowed to amend. However, the case cited by Defendants, Bledsoe, held that a Plaintiff should *NOT* be given leave to amend where he had (1) "sufficient notice that his [] complaint was deficient, and (2) . . . an adequate opportunity to cure the deficiencies." U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc., 342 F.3d 634, 644 (6th Cir. 2003). The Bledsoe court reasoned in full that:

> where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court

4

>dismisses the action with prejudice. Denial may be appropriate, however, where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. The relevant issues in our inquiry are (1) whether [Plaintiff] had sufficient notice that his [] complaint was deficient, and (2) if so, whether [Plaintiff] had an adequate opportunity to cure the deficiencies.

Bledsoe, 342 F.3d at 644 (citations omitted) (internal quotation marks omitted). Defendants, citing Bledsoe out of context, wrongly assert that Plaintiff needs to identify a deficiency in his complaint in order to amend. Actually, however, if Defendants wish to prevent Plaintiff from amending, *they* must show that Plaintiff had notice that his complaint was deficient, and yet failed, for an unreasonable period, to do anything about it. Defendants' notion that Plaintiff must attack his own complaint before amending is a misunderstanding of Bledsoe and unsupported in law. Moreover, Defendants cannot block this amendment by properly using Bledsoe because: (1) Defendants appear to concede that Plaintiff has no notice of any deficiency in the original complaint (Doc. 42 at 3) and (2) Plaintiff has not been dilatory.

**Conclusion:**

In his Motion for Leave to Amend (Doc. 41), Plaintiff demonstrated that justice requires this amendment and leave to amend is therefore to be freely granted. Because Defendants have not shown "undue delay, bad faith, or dilatory motive" on the part of Plaintiff or any other reason to doubt the veracity of Plaintiff's arguments in the Motion for Leave, that motion should be granted. Foman, 371 U.S. at 182. "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." Id.

Date: <u>May 06, 2011</u>                                     Respectfully Submitted,

                                                              *s/James D. Owen*
                                                              James D. Owen (0003525)
                                                              The Owen Firm, LLC
                                                              5354 North High Street
                                                              Columbus, Ohio 43214
                                                              (614) 454-5010
                                                              (614) 454-5030 (fax)
                                                              jdo@owenlawyers.com

**CERTIFICATE OF SERVICE**

On May 06, 2011 the foregoing Reply was electronically filed in the Court's CM/ECF system, which will distribute the notice to all parties and counsel of record.

                                                              *s/James D. Owen*
                                                              James D. Owen (0003525)
                                                              Counsel for Plaintiff