UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROOSEVELT WILLIAMS, | ) | Case No.: 1:10 CV 615 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| LEE LUCAS, *et al.*, | ) | |
| Defendants | ) | ORDER |

Currently pending in the above-captioned case is Plaintiff Roosevelt Williams's ("Williams" or "Plaintiff") First Motion for Leave to File a First Amended Complaint (ECF No. 41).

### I. FACTS AND PROCEDURAL HISTORY

This case arises out of a criminal case instigated against Williams for alleged violations of federal criminal drug laws. Williams entered into a plea agreement in which he pled guilty to some of the charges in the Indictment.

The case against Williams was eventually dismissed. Jerrell Bray, an informant used in the criminal case against Williams, pled guilty to two counts of perjury and five counts of deprivation of civil rights with respect to his actions in the investigation of Williams and other people in the Mansfield, Ohio area. On March 3, 2008, the United States filed a Motion for Leave of Court to Dismiss, in which it did not oppose Williams's request to withdraw his guilty plea, which he asked for in his November 9, 2007 Motion for a New Trial, and asked that the matters be dismissed. On

March 27, 2008, the U.S. District Court for the Northern District of Ohio granted the Motion for Leave of Court to Dismiss.

Subsequently, Williams brought this case, alleging *Bivens* violations under the Fifth and Eighth Amendments to the U.S. Constitution, 42 U.S.C. § 1983 violations pursuant to the Fifth, Eight, and Fourteenth Amendments to the U.S. Constitution, a claim for conspiracy under *Bivens* and 42 U.S.C. § 1985, a claim for abuse of process, a claim for malicious prosecution, a claim for intentional infliction of emotional distress, and a claim for negligent infliction of emotional distress, against Defendants DEA Agents, members of the Ohio Sheriff's Department, Richland County Police Officers, a Richland County prosecuting attorney, Richland County itself, agents of the Ohio Bureau of Criminal Identification, Cleveland Police Officers, the City of Cleveland, and Jerrell Bray (collectively, "Defendants").

## II.  LEGAL STANDARD FOR A MOTION TO AMEND

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a court should freely give leave for a party to amend its complaint when "justice so requires."  The grant or denial of a request to amend a complaint is left to the sound discretion of the trial court.  *Gen. Elec. Co. v. Sergeant & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).  The trial court, in exercising its discretion, should grant such request in the absence of factors such as "undue delay, bad faith or dilatory motive on the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. LAW AND ANALYSIS

Plaintiff argues that the main purpose of amending the Complaint would be to provide further clarification for the court. Plaintiff further argues that it intends to clarify aspects of the original Complaint in the following four ways: (1) Plaintiff omits Defendants Lamantia, Tobin, Hefern, Ansari, McGrath, who were dismissed by stipulation. Plaintiff further omits Defendants Leonhart, Tandy, and the City of Cleveland from his proposed amended complaint; (2) Plaintiff clarifies that he is not asserting state causes of action. Instead, he is alleging one *Monell v. Dept. of Soc. Serv.'s of City of New York*, 436 U.S. 658 (1978) claim, and three federal law causes of action for fabrication of evidence, malicious prosecution, and violations of *Brady v. Maryland*, 373 U.S. 83 (1963); (3) Plaintiff modifies his prayer for relief because some of the injunctive relief originally sought is now moot; (4) Plaintiff adds details to the existing claims brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Def.'s Mot. for Leave to File First Am. Compl., at 2–3, ECF No. 41.)

Defendants oppose Plaintiff's Motion to Amend. Defendant argue that Plaintiff's Amended Complaint does more than clarify four aspects of the original Complaint—it adds new factual allegations and citations to case law, which is inapposite to Federal Rule of Procedure 8. *Id*. at 2. Defendants also contend that permitting Plaintiff to amend his original Complaint after the filing of summary judgment motions is prejudicial. Defendants further argue that Plaintiff's concern about providing clarity is not sincere because all parties are already "reasonably clear about what this case is about" given that there are numerous sister cases with "virtually identical factual allegations, claims, witnesses, Defendants and counsel." *Id*. at 3. Finally, Defendants argue that Plaintiff cannot

amend his original Complaint because the original Complaint is not deficient. (Defs.' Joint Opp. to Mot. for Leave to File Am. Compl., at 3, ECF No. 42.)

The court finds that justice does not require these amendments to Plaintiff's Complaint and that the operative Complaint is sufficient.

The proposed Complaint adds little and will not change the court's analysis of the issues before it. Plaintiff may file a notice of dismissal to dismiss any Defendants he needs to dismiss and to dismiss any claims that he is not going to pursue. Also, there is no reason to amend the pleading based on a change in injunctive relief sought. Plaintiff may drop the claim for relief at trial or may use motion practice to stipulate that he will not pursue such relief.

As to the addition of details to the § 1983 and *Bivens* claims, the court finds that justice does not require this amendment for the following reasons. Though Plaintiff's filing of the instant motion predates the filing of his response to Defendants' motions for summary judgment, he has not shown that it is necessary to plead a new cause of action. Plaintiff argues that the amendment is necessary to "plead with greater particularity the factual basis for his claims uncovered in documents that were only recently available in the case pursuant to an agreed protective order." This is not a sound basis for allowing an amendment, as Plaintiff can incorporate his arguments regarding the new information received in discovery into his response to Defendants' summary judgment motions. Indeed, Plaintiff asked the court for an extension to the deadline for filing his response to Defendants' summary judgment motions. The court granted the motion and assumed that arguments related to the additional factual information received from the protective order would be raised in Plaintiff's response brief. Consequently, Plaintiff filed his response to Defendants' summary judgment motions after receipt of factual information from the protective order.

This is not a case where Plaintiff has discovered new evidence that changes the nature of the complaint. *See, e.g.*, *Gregg v. Ohio Dept. Of Youth Servs.*, 661 F.Supp.2d 842 (S.D. Ohio 2009) (finding that plaintiff could amend the complaint even though summary judgment motions had already been filed, because Plaintiff had discovered evidence used to amend his complaint after the deadline to amend had run). There was good cause in the *Gregg* case for Plaintiff to have amended his complaint. The court does not find similar good cause here.

### IV. CONCLUSION

For the foregoing reasons, the court hereby denies Plaintiff's First Motion for Leave to File a First Amended Complaint (ECF No. 41.)

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

September 28, 2011